885 F.2d 865
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rountree Riley GOODMON, Plaintiff-Appellant,
v.
John D. ROCKEFELLER, IV, Governor, W. Joseph McCoy,
Commissioner, Richard G. Mohn, Ex-Warden, Donald E.
Bordenkircher, Sup., Ewin Myers, Assistant Warden, B.C.
Cluter, Deputy Warden, William Duncil, Deputy Warden, J.
Dave Fromhart, Deputy Warden, Norman Woods, Dr., Defendants-Appellees.
 No. 88-7209.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 6, 1989.
Decided Aug. 31, 1989.
Rehearing and Rehearing In Banc Denied Sept. 26, 1989.
 
 Rountree Riley Goodmon, appellant pro se.
 Dana Doyle Davis, Office of the Attorney General of West Virginia, for appellees.
 Before WIDENER, MURNAGHAN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Rountree Riley Goodmon, an inmate incarcerated at the West Virginia State Penitentiary at Moundsville ("Moundsville") appeals the dismissal of his suit filed pursuant to 42 U.S.C. Sec. 1983 alleging that living conditions and certain practices at Moundsville were unconstitutional. The district court abstained from exercising jurisdiction over Goodmon's complaint based upon parallel state court proceedings regarding living conditions at Moundsville. We vacate the district court's order and remand for further proceedings.
 
 
 2
 The Supreme Court recently held in Deakins v. Monaghan, 56 U.S.L.W. 4060, 4063 (U.S. Jan. 12, 1988) (No. 86-890), that a district court has no discretion to dismiss, on abstention grounds, claims for damages over which the federal court has jurisdiction when the claims cannot be redressed in the state action. As damages will in all probability be unavailable in the state court class action upon which abstention was based in this case (because the state petitioner-inmate's withdrew their request for monetary relief), the district court erred in dismissing Goodmon's Sec. 1983 suit. Accordingly, we remand the case for further consideration.
 
 
 3
 We dispense with oral argument because the dispositive issue recently was decided authoritatively. Goodmon's motion for relief is granted to the extent this opinion grants the relief sought.
 
 
 4
 VACATED and REMANDED.